IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANNE MARIE MOTTOLA, *Debtor*, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | 1:23-CV-00695-DII |
| | § | |
| DEBORAH B. LANGEHENNIG, | § | |
| *Chapter 13 Trustee*, | § | |
| | § | |
| Appellee. | § | |

**ORDER**

Before the Court is Appellant Anne Marie Mottola's ("Appellant") Appellant's Brief, (Dkt. 14); Appellee Deborah B. Langehennig's, in her capacity as Chapter 13 Trustee, ("Appellee") Appellee Brief, (Dkt. 22); and Appellant's reply brief, (Dkt. 24). Appellant did not file a reply. Having considered the parties' briefing, the record in this appeal, and the relevant law, this Court will affirm the judgment of the bankruptcy court.

**I. BACKGROUND**

This is Appellant's third Chapter 13 bankruptcy case filed in the last few years in the Western District of Texas, Austin Division. (Appellee's Br., Dkt. 22, at 3). Both cases were dismissed by the United States Bankruptcy Court for the Western District of Texas prior to confirmation of a Chapter 13 Plan. (*Id.*). The first case, *In re Mottola*, No. 19-11344-TMD (Bankr. W.D. Tex.) ("*Mottola I*"), was filed on September 30, 2019 and dismissed on March 30, 2020. (Appellee's Br., Dkt. 22, at 3). At the time the case was dismissed, Appellee had not received income verification, tax returns, or the required mortgage exhibits, and Appellant was delinquent in making her plan payments. (*Id.*). The second case, *In re Mottola*, No. 22-10291-SMR (Bankr. W.D. Tex.) ("*Mottola II*"), was filed on May 2, 2022. During *Mottola II*, Appellant filed five motions to continue the confirmation hearing, asserting that she needed more time to file objections to the claims.

(Appellee's Br., Dkt. 22, at 3). *Mottola II* was dismissed on January 12, 2023. (*Id.*). At the time of dismissal, Appellant had never filed an objection to a claim in the case and she was delinquent over $7,000, having not made a full plan payment since August 2022. (*Id.* at 3–4).

On February 7, 2023, Appellant filed her third Chapter 13 bankruptcy case, which is the subject of this appeal. *In re Mottola*, No. 23-10070- HCM (Bankr. W.D. Tex.) ("*Mottola III*"). On February 21, 2023, Appellant filed her schedules, statements, and proposed Chapter 13 Plan. (Appellee's Br., Dkt. 22, at 1). Appellant's Section 341 meeting of creditors was scheduled for March 15, 2023. (*Id.*). Appellee adjourned the meeting because Appellant had not provided timely mortgage exhibits, a tax return, or an income verification, and Appellant had not made her first plan payment. (*Id.*).

The Internal Revenue ("IRS") filed a proof of claim in this case, demonstrating that Appellant had not filed tax returns for the 2018, 2019, 2020, 2021, and 2022 tax years. (*See* ROA, Dkt. 10-2, at 61). On April 4, 2023, Appellee filed an objection to the confirmation of Appellant's proposed Chapter 13 Plan, and then filed a supplement to the objection on April 14, 2023. (Appellee's Br., Dkt. 22, at 1). Appellee objected to the Chapter 13 plan on multiple grounds, including Appellant's failure to provide filed federal income tax returns. (*Id.*).

On April 14, 2023, Appellant filed a motion for continuance of the confirmation hearing. (*Id.* at 2). On April 18, 2023, the Bankruptcy Court conducted a hearing on confirmation of Appellant's proposed Chapter 13 plan and the motion for continuance. (ROA, Dkt. 10-2, at 61). At the hearing, the Bankruptcy Court confirmed with Appellant that she had not filed federal income tax returns. (*Id.*). The Bankruptcy Court advised Appellant that the Bankruptcy Code requires that a debtor have filed federal tax returns to be able to confirm a Chapter 13 plan. (*Id.*). The Bankruptcy Court then set a deadline for Appellant to file her federal income tax returns and provide proof of the filing to Appellee, or her bankruptcy case would be dismissed. (*Id.*).

The Bankruptcy Court then entered an order on April 19, 2023 consistent with its ruling at the hearing. (*Id.*). The order provided that Appellant would have until May 2, 2023, to submit evidence to Appellee that her federal income tax returns for tax years 2018 through 2022 had been filed with the IRS, or her bankruptcy case could be dismissed. (*Id.* at 61–62). On May 2, 2023, Appellant provided the Bankruptcy Court with an application for automatic extensions of time to file a 2022 federal tax return that had apparently been mailed by her to the IRS on the same day. (*Id.* at 62). However, she did not provide any proof of filing of federal income tax returns for years 2018 through 2021, as ordered by the Bankruptcy Court. (*Id.*). Accordingly, on May 4, 2023, the Bankruptcy Court entered an order for summary dismissal of the case for failure to comply with a prior court order. (*Id.* at 3–5).

On May 17, 2023, Appellant filed a motion for reconsideration of the dismissal of her case and to reinstate her case and set a confirmation hearing. (*Id.* at 6–12). In her motion, she argued that she had no obligation to file tax returns under the Bankruptcy Code because she is a nonresident alien and a "church"—both of which are not required to file tax returns under federal law. (*Id.*). Appellant attached an affidavit to her motion for reconsideration that declared that she is a "church." (*Id.*).

On May 19, 2023, the Bankruptcy Court entered an order denying Appellant's motion for reconsideration, finding the motion to be "meritless." (*Id.* at 60–63). In its order, the Bankruptcy Court noted that Appellant is a "repeat bankruptcy filer that has already been provided three attempts (some lengthy) to comply with the requirements of Bankruptcy Code and confirm a Chapter 13 plan and has failed to do so." (*Id.* at 61). On the merits of Appellant's motion, the Bankruptcy Court found:

> The Debtor is an individual, not a church. And the Debtor is not a "non-resident" alien; she has signed multiple bankruptcy petitions stating, under penalty of perjury, that she is a resident of Travis County, Texas. *See* Petition (dkt# 1, p.2). This type of "non-resident" alien

> argument, which are raised by tax protesters to attempt to avoid federal
> income taxation, has been uniformly rejected by the courts. *See e.g., In
> re Weatherley*, 169 B.R. 555, 558–59 (Bankr. E.D. Pa. 1994) (supporting
> citations omitted); *In re Walters*, 166 B.R. 119, 120 (Bankr. N.D. Ind.
> 1993) (supporting citations omitted).

(*Id.* at 62). The Bankruptcy Court found that the Bankruptcy Code mandates that a Chapter 13 debtor must file all tax returns for all taxable periods ending during the four-year period before the bankruptcy filing. (*Id.* at 62–63). Because Appellant had not filed tax returns for tax years 2018, 2019, 2020, and 2021, the Bankruptcy Court denied her motion to reinstate her bankruptcy case. (*Id.* at 63).

On June 2, 2023, Appellant filed a second motion for reconsideration, again asking the Bankruptcy Court to reinstate her bankruptcy case. (*Id.* at 64–72). On June 7, 2023, the Bankruptcy Court entered an order denying the second motion for reconsideration, finding that the motion was a "rehash of the First Motion that the Court has already denied." (*Id.* at 179–80). The Bankruptcy Court denied the second motion for reconsideration for the same reasons stated in its May 19 order denying the first motion for reconsideration. (*Id.*) On June 16, 2023, Appellant filed the instant appeal. (Not. Appeal, Dkt. 1–2).

## II. STANDARD OF REVIEW

On appeal, "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). When a bankruptcy court's decisions are discretionary in nature, the Court reviews the exercise of this power for abuse of discretion. *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). A bankruptcy court's summary dismissal is reviewed for clear error. *See In re Love,* 957 F.2d 1350, 1356 (7th Cir. 1992); *In re Stanley,* 224 Fed. App'x 343, 345–46, WL 1026423 at *2 (5th Cir. 2007).

## III. DISCUSSION

Appellant challenges the Bankruptcy Court's summary dismissal of her case for failure to timely file tax returns for tax years 2018–2021, contrary to the Bankruptcy Court's instructions in its April 19, 2023 order. She argues that the Bankruptcy Court erred in finding that she had not complied with the Court's requirement to file income tax forms. (Appellant's Br., Dkt. 14, at 7). She states that the Bankruptcy Court did not "provide proof of its authority to order [Appellant] to file taxes." (*Id.* at 18). Appellant contends at length that she is not a United States citizen or a citizen of the state of Texas, but rather a citizen of a supposed foreign country, the "Republic of Texas." (*See id.* at 10–11). Because she is allegedly a foreign nonresident, Appellant argues that she is not required to submit federal tax returns and that the Bankruptcy Court erred in finding that she was not a nonresident. (*See id.*). Appellant also argues that the Bankruptcy Court erred in finding that she was not a "church" that is not subject to federal taxes. (*Id.* at 21–22).

The Court finds that the Bankruptcy Court's orders summarily dismissing Appellant's case and denying reconsideration of the dismissal contain no error. Section 1325(a)(9) of the Bankruptcy Code mandates that a Chapter 13 plan may be confirmed only if "the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308." 11 U.S.C. § 1325(a)(9). Section 1308(a), in turn, provides that:

> [n]ot later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

11 U.S.C. § 1308(a). In short, Appellant must file her federal income tax returns for the 2018 through 2021 tax years to be able to confirm a Chapter 13 plan. However, Appellant did not file these tax returns by the deadline set out by the Bankruptcy Court. Accordingly, the Bankruptcy

Court acted appropriately in dismissing her case as the confirmation of her Chapter 13 plan was impossible.

Appellant's arguments as to why she should not have to file federal tax returns for those missing tax years are illogical. As the Bankruptcy Court stated, Appellant is neither a foreign nonresident nor a church, so she is not exempt from filing federal tax returns. (*See* ROA, Dkt. 10-2, at 62). The Bankruptcy Court correctly noted that this type of "non-resident" argument has been uniformly rejected by courts. *See, e.g.*, *In re Weatherley*, 169 B.R. 555, 558–59 (Bankr. E.D. Pa. 1994); *In re Walters*, 166 B.R. 119, 120 (Bankr. N.D. Ind. 1993). The Bankruptcy Court noted that Appellant had attested in her bankruptcy schedules in her previous bankruptcy cases that she had income from at least tax years 2018 through 2020. (*See* ROA, Dkt. 10-2, at 63 n.1). The Bankruptcy Court was correct in rejecting Appellant's objections to her obligation to pay federal taxes and ordering her to provide proof of her tax filings to the Bankruptcy Court.

Upon reviewing the record in this case, it is clear that Appellant has failed to comply with the Bankruptcy Court's orders not only in this case but also in the previous two bankruptcy cases that she has filed. The Bankruptcy Court acted in accordance with the Bankruptcy Code by ordering Appellant to file proof that she had paid federal income taxes, and it was within its discretion to dismiss her case when she did not do so. It was Appellant's recalcitrance, and not the Bankruptcy Court's error, that led to the dismissal of her case. Appellant may proceed in a future bankruptcy case once she has filed the required tax returns. At this stage, however, reinstatement of her third bankruptcy case would be fruitless because she has not shown that she can comply with the requirements of the Bankruptcy Code.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the bankruptcy court's orders summarily dismissing Appellant's case and denying her motions for reconsideration are **AFFIRMED**.

**IT IS FURTHER ORDERED** that all pending motions in this case, (Dkts. 18, 19), are **MOOT**.

The Court will enter final judgment by separate order.

**SIGNED** on June 25, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE